Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/03/2023 09:05 AM CST

Karen Bohac, Personal Representative of the Estate
of Marlene A. Benes, deceased, appellant,
v. Benes Service Co., a Nebraska
corporation, appellee.

___ N.W.2d ___

Filed February 3, 2023.    No. S-22-235.

1. **Corporations: Appeal and Error.** In ordering the terms of payment
   under Neb. Rev. Stat. § 21-2,201(e) (Reissue 2022), an appellate court
   will review for an abuse of discretion.
2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a
   trial court's decision is based upon reasons that are untenable or unrea-
   sonable or if its action is clearly against justice or conscience, reason,
   and evidence.

Appeal from the District Court for Saunders County:
Christina M. Marroquin, Judge. Affirmed.

Jovan W. Lausterer, of Bromm, Lindahl, Freeman &
Lausterer, for appellant.

Sheila A. Bentzen and Adam J. Kost, of Rembolt Ludtke,
L.L.P., for appellee.

Miller-Lerman, Cassel, Funke, Papik, and Freudenberg,
JJ., and Carson and Butler, District Judges.

Papik, J.
After a minority shareholder filed a petition for judicial
dissolution of Benes Service Co. (BSC), BSC exercised its
right to purchase the minority shareholder's stock. Following

our remand in an earlier appeal, see *Bohac v. Benes Service Co.*, 310 Neb. 722, 969 N.W.2d 103 (2022), the district court calculated the fair value of the shares and set forth a payment plan under which BSC was to pay the minority shareholder in several installments with the final payment to be made in April 2026. The minority shareholder appeals, challenging aspects of the payment plan and the failure to require BSC to pay interest. We affirm.

## BACKGROUND

*Filing of Action, Trial, and District*
*Court's Initial Judgment.*

As noted above, this is the second time this case has been before us. A more detailed background regarding the parties' dispute is set forth in our earlier opinion, see *id.*, but we briefly summarize the details relevant to the current appeal here.

BSC is a family-owned business. It was formed by Leonard and Marlene A. Benes, but is now managed by their four sons, each of whom owns approximately 20 to 21 percent of the corporation. At the time of her death in 2017, Marlene owned a 14.84-percent interest in BSC. Each of the couple's six daughters is entitled to an equal share of Marlene's interest in BSC under her will.

This action was initiated by Karen Bohac, one of the couple's daughters, in her capacity as personal representative of Marlene's estate (the Estate). The action began as a petition for judicial dissolution of BSC. BSC filed a timely election to purchase the shares owned by the Estate under Neb. Rev. Stat. § 21-2,201 (Reissue 2022). A trial was held to determine the fair value of the Estate's interest in BSC.

During the trial, the president of BSC testified that the corporation would prefer to pay for the Estate's shares in installments. He testified that BSC did not "have that kind of money laying around every day" and that, if forced to pay the purchase price immediately, BSC may have to liquidate assets or borrow money. When asked what type of payment plan

would be in the best interests of BSC, the president responded, "[s]omething like three to five years."

After the trial, the district court found that the fair value of the Estate's shares of BSC was $2,886,790. The district court entered judgment in favor of the Estate and against BSC in that amount. The district court directed that BSC was obligated to pay the judgment as follows: "$575,000.00 to be paid by March 1, 2021, and annual payments thereafter of at least $575,000.00 until the judgment is paid in full. The judgment must be paid in full by March 1, 2026."

*First Appeal.*

In the first appeal, the Estate argued that the district court erred in its calculation of fair value. Among other things, the Estate argued that the district court erred in applying lack of marketability and minority discounts in valuing the shares. The Estate also argued that the district court erred by giving BSC 5 years to make annual, interest-free payments. We found that the district court erred in its calculation of fair value and reversed the judgment and remanded that issue to the district court, with directions to recalculate the fair value of the shares in accordance with our opinion. See *Bohac v. Benes Service Co.*, 310 Neb. 722, 969 N.W.2d 103 (2022).

As for Bohac's arguments regarding the payment terms, we found the district court did not abuse its discretion in its structuring of the payment terms. We went on to observe, however, that the payment terms set by the district court were based on the district court's initial fair value determination. We then noted that because we had directed the district court to recalculate the fair value of the shares, the payment terms may also need to be reconsidered. Accordingly, we vacated the prior payment terms and directed that, after performing the fair value calculation required by our opinion, the district court should determine, based upon the existing record, appropriate terms and conditions of the purchase "which may include payment of the purchase price in installments, with or without

interest, as the court deems appropriate in light of the recalculated purchase price." *Id.* at 745, 969 N.W.2d at 121.

*Proceedings on Remand.*

On remand, the district court recalculated the fair value of the Estate's shares to be $4,123,985. No party challenges this value calculation in this appeal.

With respect to the terms and conditions of payment, at a hearing following remand, the parties stipulated that BSC had already made a payment to the Estate of $575,000. In its signed order following remand, the district court noted the parties' stipulation as to that payment and directed the remaining balance to be payable as follows: "$250,000.00 to be paid by May 1, 2022, and annual payments thereafter of at least $825,000.00 until the judgment is paid in full. The judgment must be paid in full by April 1, 2026." The Estate filed a timely appeal.

## ASSIGNMENTS OF ERROR

The Estate assigns that the district court erred by (1) reducing the amount BSC was obligated to pay in 2022 and (2) not directing interest to run on the purchase price from January 21, 2021.

## STANDARD OF REVIEW

[1] In ordering the terms of payment under § 21-2,201(e), an appellate court will review for an abuse of discretion. *Bohac v. Benes Service Co.*, 310 Neb. 722, 969 N.W.2d 103 (2022).

[2] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Carrizales v. Creighton St. Joseph*, 312 Neb. 296, 979 N.W.2d 81 (2022).

## ANALYSIS

*Structuring of Installment*
*Payment Plan.*

We begin our analysis with the Estate's assignment of error challenging the district court's installment payment plan. We

first note that there is no question that in cases like this in which a corporation elects to purchase the shares of a shareholder who has sought to have the corporation dissolved, district courts have authority to allow the purchase price to be paid in installments. The governing statute expressly authorizes such an arrangement. See § 21-2,201(e) (providing that district court shall enter order "directing the purchase upon such terms and conditions as the court deems appropriate, which may include payment of the purchase price in installments").

In this appeal, the Estate does not argue that it was error for the district court to allow BSC to pay the price of the Estate's shares in installments. Instead, it makes a narrower argument about the details of the installment plan the district court chose. The Estate observes that under the district court's original payment plan entered prior to the first appeal, BSC was obligated to make annual payments of at least $575,000 until the purchase price was paid in full, but that under the payment plan entered after our remand, BSC was obligated to pay only $250,000 in 2022. According to the Estate, there was no reason for such a reduction and thus the district court abused its discretion.

The Estate is technically correct that BSC was obligated to make a larger annual payment in 2022 under the original payment plan as compared to the payment plan entered after our remand. We are not persuaded, however, that the district court's postremand installment payment plan was an abuse of discretion. First, the Estate's argument appears to rest on a mistaken premise—that the district court's postremand installment plan must be compared to the installment plan it entered prior to our remand. In fact, the question now before us is whether the installment payment plan entered after our remand was an abuse of discretion, not whether it was equally or more favorable to the Estate than the original installment payment plan. The Estate, however, only compares the respective installment payment plans, rather than attempting

to show that the installment payment plan under appeal is somehow untenable or unreasonable as it must to demonstrate an abuse of discretion. See *Carrizales, supra*.

In any case, even if the installment payment plans entered by the district court are compared, the Estate overstates the difference between the two. The Estate focuses only on BSC's obligation in 2022 and fails to account for the parties' stipulation that, prior to the entry of the installment payment plan on appeal, BSC had already paid the Estate $575,000. Although the district court required BSC to pay only $250,000 in 2022, BSC's compliance will result in the Estate's receiving at least $825,000 by the end of the year in which the payment plan was entered and at least $825,000 every year thereafter until the full purchase price is paid by 2026. Viewed in that context, the installment payment plan is quite like the original installment payment plan under which BSC was obligated to pay at least $575,000 in the first year and at least $575,000 annually until the full purchase price was paid in 2026.

We find no basis to conclude that the district court's payment plan was an abuse of discretion.

*Interest.*

The Estate's other assignment of error concerns interest. Specifically, the Estate asserts that the district court should have directed BSC to pay the Estate 12 percent interest on the purchase price of the Estate's shares. The Estate takes the position that interest should have run from January 21, 2021, the date the district court entered its initial judgment.

The subject of interest is also addressed in § 21-2,201(e). The statute provides that "[i]nterest *may* be allowed at the rate specified in [§] 45-104, as such rate may from time to time be adjusted by the Legislature, and from the date determined by the court to be equitable . . . ." § 21-2,201(e) (emphasis supplied). Neb. Rev. Stat. § 45-104 (Reissue 2021) currently provides a rate of 12 percent.

As mentioned above, the Estate also argued in its first appeal that the district court erred by allowing BSC to avoid paying the Estate interest on its shares. In addressing that argument in the first appeal, we explained that although § 21-2,201(e) allows the district court to award interest, it does not obligate the district court to do so. See *Bohac v. Benes Service Co.*, 310 Neb. 722, 969 N.W.2d 103 (2022). We then stated that because the district court conducted the trial and presided over the case for an extended period of time, it was in the best position to determine the appropriate terms and conditions of payment. *Id.* We concluded that the district court did not abuse its discretion, but vacated the payment terms set forth in the district court's initial judgment, so that the district court could reconsider the payment terms after recalculating the purchase price for the Estate's shares.

Much of what we observed in the first appeal remains true today. As before, the district court could have required BSC to pay interest at 12 percent from a date determined to be equitable, but it was not obligated to do so. As before, the district court was best positioned to determine the appropriate terms and conditions of payment. And in the first appeal, we found that the district court did not abuse its discretion by allowing BSC to make interest-free payments and expressly stated that the terms and conditions entered after our remand "may include" installment payments "with or without interest." *Id.* at 745, 969 N.W.2d at 121.

Despite our opinion in the first appeal, the Estate maintains that the district court was obligated after remand to require BSC to pay interest. The only relevant factor the Estate can identify that has changed after the first appeal, however, is the higher valuation of its shares. On that point, the Estate argues that because it stands to receive a higher price for its shares, it could suffer additional harm if it does not receive interest. We are not persuaded that the purchase price for the Estate's shares compelled the district court to order BSC to pay 12 percent interest as the Estate argues.

## CONCLUSION

We find no merit to the Estate's assigned errors and therefore affirm.

AFFIRMED.

HEAVICAN, C.J., and STACY, J., not participating.